Elmrock Opportunity Master Fund I, L.P. v Citicorp N. Am., Inc. (2018 NY Slip Op 04665)





Elmrock Opportunity Master Fund I, L.P. v Citicorp N. Am., Inc.


2018 NY Slip Op 04665


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6963N 653300/16

[*1] Elmrock Opportunity Master Fund I, L.P., Plaintiff-Appellant, 
v
Citicorp North America, Inc., et al., Defendants-Respondents.


Kaplan Fox & Kilsheimer LLP, New York (Gregory K. Arenson of counsel), for appellant.
Goodwin Procter LLP, New York (Samuel J. Rubin of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 8, 2017, to the extent it permitted defendant to withhold from disclosure under the common interest doctrine communications between defendants or their representatives or attorneys and nonparty LDVF I LA Power LLC or nonparty Fortress Investment Group, LLC, or either of their representatives or attorneys, that do not relate solely to the contemplation or prosecution of litigation, unanimously affirmed, with costs.
The record demonstrates that the common interest agreement was entered into in reasonable anticipation of litigation (see Ambac Assur. Corp. Countrywide Home Loans, Inc., 27 NY3d 616, 620 [2016]). Indeed, plaintiff alleges that defendants breached their duty to protect its interests by failing to "commence litigation to establish" the parameters of the appraisers' valuation determinations. While defendants did not commence such a suit, they entered into the Supplemental Appraisal Protocols, which provided for judicial review of the precise question urged by plaintiff. Plaintiff can hardly claim that litigation that it demanded, and that defendants provided for, could not reasonably have been anticipated. It is of no consequence that defendants ultimately settled the dispute without filing suit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK